**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MAFE RABINO, | Case No. 2:14-cv-00735-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, AND GRANTING MOTION TO CANCEL LIS PENDENS** |
| ASSET FORECLOSURE SERVICES, INC., *et al.*, | |
| Defendants. | (Dkt. #4, #6) |

Plaintiff Mafe Rabino brought this lawsuit following foreclosure on her property. Defendants move to dismiss Rabino's complaint and to cancel the notice of lis pendens recorded against the subject property. Defendants argue that the recorded documents, which are subject to judicial notice, establish that the foreclosure was proper and therefore Rabino's first cause of action for statutorily defective foreclosure should be dismissed. Defendants also argue Rabino's claims under the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Fair Debt Collection Practices Act ("FDCPA"), and Nevada deceptive or unfair business practices law also should be dismissed on various grounds. Finally, defendants contend Rabino's civil conspiracy claim was not pleaded with particularity and should be dismissed because there is no underlying tort on which the claim is based.

**I. BACKGROUND**

In June 2007, Rabino borrowed $650,000 from Linear Financial, LP to purchase the subject property. (Dkt. #4-1 at 2-3.)[1] The loan was secured by a note and deed of trust which named United Title of Nevada as the trustee. (Dkt. #4-1 at 2-3.) Linear transferred the loan to Wells Fargo Bank, N.A. shortly thereafter. (Dkt. #4-1 at 26.)

---

[1] I take judicial notice of the fact that certain documents were recorded in the Office of the County Recorder for Clark County, Nevada. *See United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

Rabino alleges that she stopped making payments on her loan after Wells Fargo told her she could obtain a loan modification only if she was in default. (Dkt. #1 at 6.) According to Rabino, Wells Fargo thereafter sold her loan and told her she would have to negotiate with the new owner. (*Id.* at 6-7.) Wells Fargo transferred the deed of trust to Kondaur Capital Corporation in September 2010. (Dkt. #4-1 at 30.) Kondaur transferred the deed of trust to defendant Marchai B.T. in April 2011. (Dkt. #4-1 at 32.) According to Rabino, she was not informed that her loan had been transferred to Marchai. (Dkt. #1 at 7.)

In April 2012, Marchai substituted David B. Sanders of The Hopp Law Firm, LLC as the trustee. (Dkt. #4-1 at 35.) According to Rabino, she was not informed about this substitution. (Dkt. #1 at 7.) Sanders recorded a notice of default and election to sell the subject property on June 20, 2012. (Dkt. #4-1 at 38.) The notice of default included an affidavit of authority to exercise the power of sale identifying the names and addresses of the trustee, the current holder of the note, the current beneficiary of the deed of trust, and the debt servicer (defendant Bridgelock Capital). (Dkt. #4-1 at 40-41.) Rabino alleges she was not informed that Bridgelock Capital was her servicer. (Dkt. #1 at 7.) On September 13, 2012, Marchai substituted defendant The Hopp Law Firm, LLC as trustee. (Dkt. #4-1 at 45.)

Rabino elected to participate in Nevada's Foreclosure Mediation Program. (Dkt. #1 at 8.) The mediation conference was scheduled for December 20, 2012. (*Id.*; Dkt. #4-1 at 49.) Rabino alleges that a week before the scheduled mediation someone claiming to be Sanders' secretary told her the mediation was canceled because Sanders had been replaced as trustee and the process would have to start over. (Dkt. #1 at 8.) However, the mediation apparently went forward, Rabino did not attend or failed to produce necessary forms, and the program issued a certificate allowing the foreclosure to proceed. (Dkt. #1 at 48.) According to the complaint, Marchai was a defunct entity at the time of the mediation. (Dkt. #1 at 11, 55.)

A little over a year later, Marchai substituted defendant Asset Foreclosure Services, Inc. as trustee. (Dkt. #4-1 at 47.) According to the complaint, defendant Georgina Rodriguez contacted the Nevada Foreclosure Mediation Program in November 2013 on behalf of Asset

1  Foreclosure Services and obtained a replacement certificate from the program allowing the
2  foreclosure to proceed. (Dkt. #1 at 8-9, 46; Dkt. #4-1 at 49.) Rabino alleges that the employee at
3  the Foreclosure Mediation Program did not know that Asset Foreclosure Services was not the
4  trustee that attended the December 2012 mediation. (Dkt. #1 at 9.)

5  Defendant Peak Foreclosure Services, Inc. recorded the replacement certificate on behalf
6  of Asset Foreclosure Services on April 23, 2014. (Dkt. #4-1 at 49.) Rabino alleges Peak's
7  recording was deceptive because Peak was not the trustee of record at the time. (Dkt. #1 at 10.)
8  The certificate identifies Asset Foreclosure Services as the trustee. (Dkt. #4-1 at 49.) Peak also
9  recorded a notice of trustee's sale on April 23, 2014. (Dkt. #4-1 at 51.) The notice of trustee's
10 sale identified Asset Foreclosure Services as the trustee. (*Id.*) Marchai purchased the property for
11 $439,000 at the trustee's sale on May 15, 2014. (Dkt. #4-1 at 55.)

12 Rabino filed her lawsuit in this court asserting claims for statutorily defective foreclosure
13 and violations of TILA, RESPA, the FDCPA, and unfair business practices. Rabino also alleges
14 the defendants engaged in a civil conspiracy. Defendants move to dismiss the complaint.

15 **II. DISCUSSION**

16 Pleadings prepared by pro se litigants are held to less stringent standards and are liberally
17 construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[p]ro se litigants must [still]
18 follow the same rules of procedure as other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
19 1986). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken
20 as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*
21 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). I do not necessarily assume the truth
22 of legal conclusions merely because they are cast in the form of factual allegations in the
23 complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A
24 plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell*
25 *Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than
26 labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

27
28

### A. TILA

Count two of the complaint alleges that Rabino was not informed that her loan was sold to Marchai or that her servicer had been changed to Bridgelock Capital, and that this conduct violates TILA. Defendants argue Rabino's TILA claim has no application to alleged failures to disclose information after the inception of the loan and that any such claim would be barred by the statute of limitations.

Rabino cites no law and makes no arguments regarding her TILA claim. She therefore consents to the motion being granted. Local Rule 7-2(d). Moreover, to the extent TILA applies, the statute of limitations for a TILA violation generally is one year. 15 U.S.C. § 1640(e). Marchai became the new owner of the loan in April 2011. (Dkt. #4-1 at 32.) Bridgelock became the servicer by at least by June 20, 2012. (Dkt. #4-1 at 38.) Rabino filed her complaint on June 12, 2014. Because more than one year elapsed from the alleged violations, her TILA claim is time-barred. I therefore dismiss Rabino's TILA claim with prejudice.

### B. RESPA

Count two of the complaint alleges that Rabino was not informed that her loan was sold to Marchai or that her servicer had been changed to Bridgelock Capital, and that this conduct violates RESPA. Defendants contend there is no private right of action under RESPA, and to the extent this was meant to be a claim under 12 U.S.C. § 2605, any such claim would be time-barred under § 2614. Rabino cites no law and makes no arguments regarding her RESPA claim. She therefore consents to the motion being granted. LR 7-2(d). Accordingly, I dismiss Rabino's RESPA claim without prejudice.[2]

### C. FDCPA

Count four of the complaint alleges that "for all the aforementioned reasons" defendants violated the FDCPA. (Dkt. #1 at 18.) Defendants assert that Rabino's FDCPA claim must be dismissed because she does not allege the elements of an FDCPA violation, and pursuit of a non-

---

[2] Although defendants argue any such claim would be time-barred, their argument is based on the date Rabino closed her loan in 2007, rather than the date of any alleged failures to notify Rabino of a change in servicer.

judicial foreclosure does not come within the meaning of a debt collector or debt collection under the FDCPA.

Rabino cites no law and makes no arguments regarding her FDCPA claim. She therefore consents to the motion being granted. LR 7-2(d). Moreover, Rabino's conclusory allegations, which lump all defendants together, do not plausibly allege which defendants, if any, are debt collectors within the FDCPA's meaning. *See* 15 U.S.C. § 1692a(b) (defining debt collector). It is also unclear what actions she contends violated the FDCPA. I therefore dismiss her FDCPA claim without prejudice.

### D. State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), I decline, in my discretion, to exercise supplemental jurisdiction over Rabino's state law claims in counts one, five, and six.[3] I have dismissed all of Rabino's federal claims, so only state law claims remain. Those claims raise issues involving proper application of the state non-judicial foreclosure process and the Nevada Foreclosure Mediation Program. These state law claims are best resolved by the Nevada state courts. This case is in its early stages and neither the court nor the parties has invested substantial resources in litigating the case in federal court. I therefore dismiss Rabino's state law claims without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to

---

[3] The complaint's allegations do not support diversity jurisdiction under 28 U.S.C. § 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Rabino does not allege her own citizenship, but she alleges she was a resident of Nevada at all material times. (Dkt. #1 at 3.) To the extent she meant to allege she was a Nevada citizen, complete diversity does not exist between the parties because she alleges defendant Marchai is a Nevada business trust. (*Id.* at 5.)

be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (quotation omitted)).

### E. Motion to Cancel Lis Pendens

Defendants move to cancel the lis pendens that Rabino recorded against the property in the event I grant the motion to dismiss. A notice of lis pendens is a notice of a pending lawsuit affecting real property recorded in the county in which the property is located. Nev. Rev. Stat. § 14.010. Because I am dismissing Rabino's federal claims and declining to exercise supplemental jurisdiction over her state law claims, no lawsuit remains pending to support the lis pendens. *Id.* § 14.015(3)(a). I therefore grant defendants' motion and order the cancellation of the notice of lis pendens. I also order Rabino to record a copy of this order of cancellation with the Clark County Recorder's office. *Id.* § 14.015(5). Should she fail to do so within 30 days of entry of this order, defendants may record this order. This cancellation has the same effect as an expungement of the original notice. *Id.* Should Rabino file a new lawsuit in state court, she may record a new lis pendens, if facts exist to support such an action. Nev. Rev. Stat. § 14.010, *et seq*.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Dkt. #4) is GRANTED. Plaintiff Mafe Rabino's TILA claim is dismissed with prejudice, her RESPA and FDCPA claims are dismissed without prejudice, and I decline to exercise supplemental jurisdiction over her state law claims.

IT IS FURTHER ORDERED that defendants' motion to cancel lis pendens (Dkt. #6) is GRANTED.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1 IT IS FURTHER ORDERED that plaintiff Mafe Rabino shall record a copy of this cancellation order with the Clark County Recorder's Office within 30 days from the date of this order. Should she fail to do so within 30 days of entry of this order, defendants may record this order.

DATED this 16th day of March, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE